# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>           Plaintiff,<br><br>    v.<br><br>MARMOLEJO, et al.,<br><br>           Defendants. | **Case No. 1:16-cv-00218-SKO (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) and *EDWARDS v. BALISOK*, 520 U.S. 641 (1997).**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff, Johnathan Hill, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains of having been wrongly charged and found guilty of a Serious Rules Violation Report ("SRVR") for batter on a police officer. (Doc. 1.) Plaintiff alleges that he is innocent of this charge and was not given a proper hearing on the charge which amounted to a violation of his right to due process. (*Id.*) As a result of being found guilty, Plaintiff lost 150 days of good time credit. (*Id.*, at p. 10.)

      When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.  This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits.  *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

      The Complaint does not contain any allegations to show that Plaintiff's finding of guilt under the SRVR has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

      Accordingly, it is HEREBY ORDERED that within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).  **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **January 27, 2017**                           /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE