# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>            Plaintiff,<br><br>   v.<br><br>MARMOLEJO, et al.,<br><br>            Defendants. | Case No.  1:16-cv-00218-SKO (PC)<br><br>**ORDER DISMISSING CASE SINCE BARRED BY** *HECK V. HUMPHRY*, **512 U.S. 477 (1994) and** *EDWARDS v. BALISOK*, **520 U.S. 641 (1997)** |

Plaintiff, Johnathan Hill, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff alleges that he was wrongly charged and found guilty of a Serious Rules Violation Report ("SRVR") for battery on a police officer.  (Doc. 1.)  Plaintiff contends that he is innocent of this charge and was not given a proper hearing on the charge, which amounted to a violation of his right to due process.  (*Id.*)  As a result of having been found guilty, Plaintiff lost 150 days of good time credit.  (*Id.*, at p. 10.)

Since it appeared that this action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), an order issued giving Plaintiff twenty-one (21) days to show cause why this action should not be dismissed without prejudice.  It is now more than two months since the order to show cause issued and Plaintiff has not responded to it in any way.

As stated in the order to show cause, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his

sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).

The Complaint does not contain any allegations to show that Plaintiff's finding of guilt under the SRVR has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Accordingly, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997), Plaintiff is barred from bringing this action under 28 U.S.C. § 1983 and this action is **HEREBY DISMISSED, without prejudice**.

IT IS SO ORDERED.

Dated:   **April 6, 2017**                         /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE